**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**MANDY DELLI-VENERI, Personal Representative for the Estate of Randy S. Shull,**

**Plaintiff,**

**v.**

**CIVIL ACTION NO. 2:19-cv-689**
**Honorable Joseph R. Goodwin**

**WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION; MICHAEL FLANAGAN, in his individual official capacity as a correctional officer employed at the Tygart Valley Regional Jail and Correctional Facility; and BRITT ADKINS, in his individual and official capacity as a correctional officer employed at the Tygart Valley Regional Jail and Correctional Facility,**

**Defendants.**

## ANSWER OF DEFENDANT, WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant, West Virginia Division of Corrections and Rehabilitation, by counsel, William E. Murray, and the law firm of Anspach Meeks Ellenberger LLP, and for its Answer to Plaintiff's Amended Complaint herein, states as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted and, therefore, this Defendant moves that this matter be dismissed, pursuant to Rule 12 of the *Federal Rules of Civil Procedure.*

## SECOND DEFENSE

In specific response to the allegations of the Amended Complaint, the Defendant responds as follows:

## I. Parties

1. This Defendant admits the allegations set forth paragraph 1 of the Complaint.

2. This Defendant admits the allegations set forth paragraph 2 of the Complaint.

3. This Defendant admits the allegations set forth paragraph 3 of the Complaint.

4. This Defendant admits the allegations set forth paragraph 4 of the Complaint.

5. This Defendant admits the allegations set forth paragraph 5 of the Complaint.

6. This Defendant admits the allegations set forth paragraph 6 of the Complaint.

7. This Defendant makes no response to the allegations set forth in paragraph 7 of the Amended Complaint, because said paragraph merely states conclusions of law for which no response is necessary. However, to the extent that a response to the allegations contained within this paragraph is necessary, this Defendant denies the same and demands strict proof.

8. This Defendant makes no response to the allegations set forth in paragraph 8 of the Amended Complaint, because said paragraph merely states conclusions of law for which no response is necessary. However, to the extent that a response to the allegations contained within this paragraph is necessary, this Defendant denies the same and demands strict proof.

## II. Facts

9. This Defendant admits the allegations set forth paragraph 9 of the Amended Complaint.

10. This Defendant admits the allegations set forth paragraph 10 of the Amended Complaint.

11. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint and therefore denies the same and demands strict proof.

12. This Defendant admits the allegations set forth paragraph 12 of the Amended Complaint.

13. This Defendant admits the allegations set forth paragraph 13 of the Amended Complaint.

14. This Defendant admits the allegations set forth paragraph 14 of the Amended Complaint.

15. This Defendant admits the allegations set forth paragraph 15 of the Amended Complaint.

16. This Defendant admits the allegations set forth paragraph 16 of the Amended Complaint.

17. This Defendant admits the allegations set forth paragraph 17 of the Amended Complaint.

18. This Defendant admits the allegations set forth paragraph 18 of the Amended Complaint.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint and therefore denies the same and demands strict proof.

20. This Defendant admits the allegations set forth paragraph 20 of the Amended Complaint.

21. This Defendant admits the allegations set forth paragraph 21 of the Amended Complaint.

22. This Defendant denies the allegations of paragraph 22 of the Amended Complaint and demands strict proof.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint and therefore denies the same and demands strict proof.

24. This Defendant makes no response to the allegations set forth in paragraph 24 of the Amended Complaint, because said paragraph merely states conclusions of law for which no response is necessary. However, to the extent that a response to the allegations contained within this paragraph is necessary, this Defendant denies the same and demands strict proof.

25. This Defendant denies the allegations of paragraph 25 of the Amended Complaint and demands strict proof.

26. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint and therefore denies the same and demands strict proof.

27. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint and therefore denies the same and demands strict proof.

28. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint and therefore denies the same and demands strict proof.

29. This Defendant denies the allegations of paragraph 29 of the Amended Complaint and demands strict proof.

30. This Defendant denies the allegations of paragraph 30 of the Amended Complaint and demands strict proof.

31. This Defendant admits the allegations set forth paragraph 31 of the Amended Complaint.

32. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint and therefore denies the same and demands strict proof.

33. This Defendant denies the allegations of paragraph 33 of the Amended Complaint and demands strict proof.

34. This Defendant denies the allegations of paragraph 34 of the Amended Complaint and demands strict proof.

## III. Causes of action

### Count One – 42 U.S.C. § 1983

35. In response to paragraph 35 of the Amended Complaint, this Defendant incorporate by reference its responses to paragraphs 1 through 34 of the Amended Complaint as if fully restated herein.

36. This Defendant denies the allegations of paragraph 36 of the Amended Complaint and demands strict proof.

37. This Defendant denies the allegations of paragraph 37 of the Amended Complaint and demands strict proof.

38. This Defendant denies the allegations of paragraph 38 of the Amended Complaint and demands strict proof.

39. This Defendant denies the allegations of paragraph 39 of the Amended Complaint and demands strict proof.

40. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint and therefore denies the same and demands strict proof.

41. This Defendant makes no response to the allegations set forth in paragraph 41 of the Amended Complaint, because said paragraph merely states conclusions of law for which no response is necessary. However, to the extent that a response to the allegations contained within this paragraph is necessary, this Defendant denies the same and demands strict proof.

42. This Defendant denies the allegations of paragraph 42 of the Amended Complaint and demands strict proof.

43. This Defendant makes no response to the allegations set forth in paragraph 43 of the Amended Complaint, because said paragraph merely states conclusions of law for which no response is necessary. However, to the extent that a response to the allegations contained within this paragraph is necessary, this Defendant denies the same and demands strict proof.

**Count Two – State Constitutional Tort**

44. In response to paragraph 44 of the Amended Complaint, this Defendant incorporate by reference its responses to paragraphs 1 through 43 of the Amended Complaint as if fully restated herein.

45. This Defendant makes no response to the allegations set forth in paragraph 45 of the Amended Complaint, because said paragraph merely states conclusions of law for which no response is necessary. However, to the extent that a response to the allegations contained within this paragraph is necessary, this Defendant denies the same and demands strict proof.

46. This Defendant denies the allegations of paragraph 46 of the Amended Complaint and demands strict proof.

47. This Defendant denies the allegations of paragraph 47 of the Amended Complaint and demands strict proof.

48. This Defendant denies the allegations of paragraph 48 of the Amended Complaint and demands strict proof.

49. This Defendant denies the allegations of paragraph 49 of the Amended Complaint and demands strict proof.

50. This Defendant denies the allegations of paragraph 50 of the Amended Complaint and demands strict proof.

51. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Amended Complaint and therefore denies the same and demands strict proof.

52. This Defendant denies the allegations of paragraph 52 of the Amended Complaint and demands strict proof.

53. This Defendant makes no response to the allegations set forth in paragraph 53 of the Amended Complaint, because said paragraph merely states conclusions of law for which no response is necessary. However, to the extent that a response to the allegations contained within this paragraph is necessary, this Defendant denies the same and demands strict proof.

**Count Three – Negligence**

54. In response to paragraph 54 of the Amended Complaint, this Defendant incorporate by reference its responses to paragraphs 1 through 53 of the Amended Complaint as if fully restated herein.

55. This Defendant denies the allegations of paragraph 55 of the Amended Complaint and demands strict proof.

56. This Defendant denies the allegations of paragraph 56 of the Amended Complaint and demands strict proof.

57. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Amended Complaint and therefore denies the same and demands strict proof.

58. This Defendant denies the allegations of paragraph 58 of the Amended Complaint and demands strict proof.

59. This Defendant makes no response to the allegations set forth in paragraph 59 of the Amended Complaint, because said paragraph merely states conclusions of law for which no response is necessary. However, to the extent that a response to the allegations contained within this paragraph is necessary, this Defendant denies the same and demands strict proof.

60. This Defendant denies all claims for damages in the "Prayer" paragraph of the Amended Complaint.

61. This Defendant denies all allegations not specifically admitted herein.

**THIRD DEFENSE**

This Defendant asserts all common law immunities, including qualified, sovereign, constitutional, statutory, or any other immunities applicable to this Defendant.

**FOURTH DEFENSE**

This Defendant pleads all immunities and defenses available to this Defendant under Federal and State law.

**FIFTH DEFENSE**

This Defendant asserts, so as not to waive, any and all defenses provided for in Rule 12 of the *Federal Rules of Civil Procedure*, including lack of jurisdiction over the subject matter,

lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to join a party.

**SIXTH DEFENSE**

This Defendant asserts that it cannot be held vicariously liable for any intentional or unlawful conduct engaged in by any other individuals or entities not identified as a party to this matter.

**SEVENTH DEFENSE**

To the extent shown to be applicable by discovery, the injuries and damages about which Plaintiff complains are the result of such and other pre-existing, intervening, or superseding cause or causes so as to bar any liability on the part of this Defendant, and, therefore, Plaintiff's claims against this Defendant should be dismissed with prejudice.

**EIGHTH DEFENSE**

To the extent shown to be applicable by discovery, the injuries and damages about which Plaintiff complains are the result of underlying diseases and/or conditions which were not the result of the negligence or actions of this Defendant, and, therefore, Plaintiff's claims against this Defendant should be dismissed, with prejudice.

**NINTH DEFENSE**

This Defendant states that, at all times relevant to the allegations contained in the Amended Complaint, it acted in good faith and in accordance with clearly established law.

**TENTH DEFENSE**

This Defendant states that justification existed at all times for the actions taken by this Defendant's employees, representatives, and agents.

**ELEVENTH DEFENSE**

This Defendant states that at all times material herein, this Defendant acted in an objectively reasonable manner and did not violate any legal rights of the Plaintiff, of which the Defendant knew or, in the exercise of reasonable diligence, should have known.

**TWELFTH DEFENSE**

This Defendant asserts that it did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless, or egregious conduct. Consequently, there is no factual basis to support Plaintiff's claim for damages against this Defendant.

**THIRTEENTH DEFENSE**

This Defendant reserves the right to file such cross-claims, counterclaims, and third-party complaints and other pleadings as may be revealed to be appropriate through discovery, as well as reserving the right to seek comparative contribution and/or indemnity against anyone, as this Defendant may prove appropriate.

**FOURTEENTH DEFENSE**

This Defendant reserves the right to raise any additional affirmative defenses which may arise during the discovery of this matter, including comparative fault of unknown third-parties, and rights of indemnification and contribution against other parties or entities.

**FIFTEENTH DEFENSE**

This Defendant asserts, so as not to waive, any and all affirmative defenses provided for in Rules 8 and 9 of the *Federal Rules of Civil Procedure*, including accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

**SIXTEENTH DEFENSE**

Plaintiff's Amended Complaint, to the extent that it seeks punitive or exemplary damages, violates this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the Constitution of the United States of America, and Article 1, Section 1 and Article 3, Section 5 of the Constitution of the State of West Virginia, and violates Defendant's right to substantive due process as provided in the Fourth and Fifth Amendments of the Constitution of the United States of America and the Constitution of the State of West Virginia and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

**SEVENTEENTH DEFENSE**

This Defendant asserts and reserves any and all affirmative defenses related to the doctrine of qualified immunity from state negligence claims.

**WHEREFORE**, having fully responded to the allegations contained in Plaintiff's Amended Complaint, this Defendant hereby respectfully requests that this Court dismiss Plaintiff's Amended Complaint, with prejudice, and award it the reasonable and appropriate

attorney's fees and costs incurred in the defense of this matter, together with any such further relief deemed appropriate by this Honorable Court.

**THIS DEFENDANT DEMANDS A JURY TRIAL.**

**WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION,**

**By Counsel**

*/s/ William E. Murray*
William E. Murray (WVSB #2693)
ANSPACH MEEKS ELLENBERGER LLP
900 Lee Street East, Suite 1700
Charleston, West Virginia 25301
304-205-8063 - telephone
304-205-8062 – facsimile
wmurray@anspachlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**MANDY DELLI-VENERI, Personal Representative for the Estate of Randy S. Shull,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 2:19-cv-689**
**Honorable Joseph R. Goodwin**

**WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION; MICHAEL FLANAGAN, in his individual official capacity as a correctional officer employed at the Tygart Valley Regional Jail and Correctional Facility; and BRITT ADKINS, in his individual and official capacity as a correctional officer employed at the Tygart Valley Regional Jail and Correctional Facility,**

**Defendants.**

## CERTIFICATE OF SERVICE

I, William E. Murray, counsel for Defendant, West Virginia Division of Corrections and Rehabilitation, do hereby certify that on the 30th day of September, 2019, I electronically filed the foregoing "***Answer of Defendant, West Virginia Division of Corrections and Rehabilitation, to Plaintiff's Amended Complaint***" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

Lonnie C. Simmons (WVSB #3406)
DIPIERO SIMMONS McGINLEY & BASTRESS, PLLC
P. O. Box 1631
Charleston, West Virginia 25326
and
William T. Nestor (WVSB #9862)
WILLIAM T. NESTOR, PLLC
1062 Harrison Avenue
Elkins, West Virginia 26241

*/s/ William E. Murray*
William E. Murray (WVSB #2693)
ANSPACH MEEKS ELLENBERGER LLP
900 Lee Street East, Suite 1700
Charleston, West Virginia 25301
304-205-8063 - telephone
304-205-8062 – facsimile
wmurray@anspachlaw.com