**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**MANDY DELLI-VENERI, Personal Representative for the Estate of Randy S. Shull,**

**Plaintiff,**

**v.**

**Civil Action No. 2:19-cv-00689
Honorable Joseph R. Goodwin**

**MICHAEL FLANAGAN, in his individual official capacity as a correctional officer employed at Tygart Valley Regional Jail and Correctional Facility; and BRITT ADKINS, , in his individual official capacity as a correctional officer employed at Tygart Valley Regional Jail and Correctional Facility**

**Defendants,**

**ORDER APPROVING PETITION FOR COMPROMISE OF CLAIM FOR WRONGFUL DEATH PURSUANT TO WEST VIRGINIA CODE § 55-7-7**

On a prior date came the Plaintiff / Petitioner, Mandy Delli-Veneri, as Personal Representative of the Estate of Randy S. Shull, by and through her counsel, Lonnie C. Simmons, Esquire, DiPiero, Simmons, McGinley & Bastress, PLLC and William T. Nestor, Esquire, The Nestor Law Office, PLLC, and moves this Honorable Court to approve this Petition for Compromise of Claim for Wrongful Death Pursuant to West Virginia Code § 55-7-7. Having reviewed the Petition for Compromise of Claim for Wrongful Death Pursuant West Virginia Code § 55-7-7, neither Michael Flanagan, by counsel, Julie M. Greco, Esq., nor Brit Adkins, by counsel, John P. Fuller, Esq., have any objection to the Court approving the settlement as outlined in the Petition. Additionally, the parties, by their respective counsel, have jointly moved the Court to approve the

settlement as outlined in the petition. Therefore, the Court **FINDS** as follows:

1) On July 26, 2017, Randy Scott Shull was arrested and taken to the Tygart Valley Regional Jail where he was incarcerated as a pre-trial detainee. As part of the intake procedure, Mr. Shull disclosed that he consumed alcohol on a daily basis to the point of intoxication and to sleep. He also advised intake personnel of the jail facility that he would withdraw from alcohol. Based upon his extensive history of alcohol use combined with the nature of the crime for which he was charged, a health care provider ordered a "30 Minute Special Watch" or "30 Minute Detox Watch". Pursuant to this order, a correctional guard was supposed to check on Mr. Shull in his cell every 30 minutes and the guard's observations of Mr. Shull in his cell were supposed to be noted in the Offender Watch Log.

2) Respondents Michael Flanagan and Britt Adkins were serving as correctional officers of the Tygart Valley Regional Jail who were tasked with performing the assigned "30 Minute Special Watch" or "30 Minute Detox Watch" of Mr. Shull on July 26-27, 2017.

3) At approximately 5:59 a.m. on July 27, 2017, Mr. Shull was discovered unresponsive in his cell by his roommate. The roommate's call alerted the Tygart Valley Regional Jail of Mr. Shull's condition and need for attention. Efforts to resuscitate Mr. Shull were unsuccessful and he died while in the custody of the Tygart Valley Regional Jail.

4) The West Virginia Regional Jail and Correctional Authority conducted an investigation into the death of Mr. Shull. Through this investigation it was discovered that the Respondent Correctional Officers, Flanagan and Adkins, had not performed the assigned "30 Minute Special Watch" or "30 Minute Detox Watch" of Mr. Shull in the appropriate manner, had not been checking on Mr. Shull every thirty minutes, and that each was alleged to have falsified the relevant Offender Watch Log representing checks that did not in fact occur.

5) The subsequent autopsy performed by the State Medical Examiner, James A. Kaplan, M.D., determined that Mr. Shull died from alcohol withdrawal.

6) On April 23, 2018, Petitioner Mandy Delli-Veneri was duly appointed the *Personal Representative* of Randy Scott Shull's Estate by the County Commission of Tucker County, West Virginia. A copy of the Letter of Administration was attached to the Petition.

7) On or about September 16, 2019, Petitioner filed an *Amended Complaint* in the Circuit Court of Kanawha County, West Virginia seeking damages from the West Virginia Division of Corrections and Rehabilitation, Michael Flanagan in his individual official capacity as a correctional officer employed at the Tygart Valley Regional Jail and Correctional Facility, and Britt Adkins in his individual official capacity as a correctional officer employed at the Tygart Valley Regional Jail and Correctional Facility.

8) On or about September 20, 2019, the West Virginia Division of Corrections and Rehabilitation removed this case to the jurisdiction of this Court pursuant to 28 U.S.C. § 1441(a).

9) On or about December 18, 2019, the West Virginia Division of Corrections and Rehabilitation also filed a Third-Party Complaint against Primecare Medical of West Virginia, Inc. making said agency a party to the action.

10) On or about April 14, 2020, Primecare Medical of West Virginia Inc. was dismissed as a party to this action by way of stipulation.

11) On August 14, 2020, and after the parties had taken a number of depositions and engaged in extensive discovery, the original and remaining Defendants in this action each filed Motions for Summary Judgment requesting that they be dismissed as parties based on fact, law, and immunity privileges.

12) On March 30, 2021, the Motions for Summary Judgment were granted, in part, and

denied, in part. From the result of this Court's ruling, all claims against the West Virginia Division of Corrections and Rehabilitation were dismissed, leaving Petitioner's only remaining viable claims as those against Respondents Flanagan and Adkins for alleged violations of Mr. Shull's Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and the related state constitutional claim brought pursuant to Article III, § 10 of the West Virginia Constitution.

13) After the Motions for Summary Judgment had been decided by this Court, the Petitioner, and the remaining parties, Flanagan and Adkins, were able to reach a settlement agreement in this case at mediation wherein these Respondents / Defendants agreed to pay the Estate of Randy Scott Shull the total of $185,000.00.

14) In exchange for the amount aforesaid, the Petitioner agreed that she would fully settle and release any and all claims held by the Estate of Randy Scott Shull, including those that were or could be brought against the Respondents relating to the death of Mr. Shull. The settlement further contemplated the release of those claims that could be brought against the Respondents by any statutory beneficiaries as defined by *W.Va. Code* § 55-7-6, which might be brought against them for claims arising out the incident that was the subject of this action.

15) At the time of his death, Randy Scott Shull, was over (18) years of age and is survived by the following all of whom are adults:

a. **Mandy Delli-Veneri**
***Daughter of Randy Shull and Personal Representative of the Estate of Randy S. Shull***

b. **Teri Trejo (Shull)**
***Daughter of Randy S. Shull***

c. **Kathy Gann**
***Sister of Randy S. Shull***

d. **Patti Reisinger**
***Sister of Randy S. Shull***

e. **Jeff Shull**
***Brother of Randy S. Shull***

f. **Lee Shull**
***Brother of Randy S. Shull***

16) Petitioner is aware that pursuant to *W.Va. Code* §§ 55-7-6(b) and 55-7-7, upon

approval of the compromise of a wrongful death claim, the Court shall apportion the settlement proceeds and direct in what proportion they may be distributed to Decedent's "*...surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death or would otherwise be equitably entitled to share in such distribution*[.]"

17) Other than the foregoing potential beneficiaries there are no other persons who may be considered beneficiaries of the Estate of Randy S. Shull.

18) Petitioner has represented to the Court that she believes the settlement is fair and reasonable and should be accepted because the Petitioner is of the opinion that this is the best offer she can obtain.

19) Petitioner further believes that the potential distributees of the settlement proceeds are as follows:

a. **Mandy Delli-Veneri**
*Daughter of Randy Shull*
*and Personal Representative*
*of the Estate of Randy S. Shull*

b. **Teri Trejo (Shull)**
*Daughter of Randy S. Shull*

c. **Kathy Gann**
*Sister of Randy S. Shull*

d. **Patti Reisinger**
*Sister of Randy S. Shull*

e. **Jeff Shull**
*Brother of Randy S. Shull*

f. **Lee Shull**
*Brother of Randy S. Shull*

20) One of the above-listed potential beneficiaries, **Lee Shull**, has signed a document waiving any interest he may have in any settlement obtained in this matter. This document is attached to the Petition under Tab 3.

21) Petitioner believes the foregoing are the only individuals entitled by law to receive a portion of the settlement proceeds, and there are no other dependents or distributees as defined by

*W. Va. Code* § 55-7-6. Furthermore, those beneficiaries desiring a distribution from this settlement have entered into an agreement to distribute the net proceeds of this settlement equally amongst them, after deducting attorneys' fees and expenses. There are no subrogation obligations in connection with this claim for wrongful death. Said agreement for equal distribution among the beneficiaries desiring to take is attached to the Petition under Tab 4.

22) Prior to filing suit, Petitioner entered into a fee agreement with William T. Nestor, PLLC to pay attorneys' fees of 40% of any recovery in the event that suit was filed but a compromise was reached prior to trial, plus any expenses incurred. Petitioner also agreed to be represented by DiPiero, Simmons, McGinley, & Bastress, PLLC, as co-counsel with William T. Nestor, Esq. The expenses incurred during the course of this litigation was $8454.67. Therefore, Petitioner seeks approval from the Court to pay William T. Nestor, PLLC $37,000.00 in attorneys' fees and $815.00 in expenses, and DiPiero, Simmons, McGinley, & Bastress, PLLC $37,000.00 in attorneys' fees, and $7639.67 in expenses. Petitioner believes the amount of attorneys' fees to be fair and reasonable.

23) After deducting attorneys' fees, expenses, and the payment of any subrogation, the net recovery to the Estate of Randy Scott Shull to be divided equally among the five (5) claiming beneficiaries is $102,545.33 - with each beneficiary receiving $20,509.00.

24) Petitioner has requested that the Court order the distribution of the settlement proceeds in accordance with the agreement reached by these beneficiaries.

25) Petitioner moved this Court approve this settlement, recognizing that if said settlement is approved, neither the Estate of Randy Scott Shull nor any beneficiary or potential distribute thereto will have a further claim against the Respondents or any of their insurers as a result of the wrongful death of Randy Scott Shull.

26) Petitioner moved this Court to approve this settlement, recognizing that if said settlement is approved, she will be asked to execute a release and settlement agreement which will release any and all further claims of the Estate of Randy Scott Shull, including those claims of any beneficiary, or potential distributees thereto, have or may have against the Respondents, or any of their insurers, as a result of the wrongful death of Randy Scott Shull.

27) Petitioner believes it to be in the best interests of the Estate of Randy Scott Shull and of all other persons concerned to settle this claim under the terms and conditions set forth herein.

28) The Court hereby finds that the settlement, as outlined in the Petition is fair and reasonable and should be approved by the Court.

**WHEREFORE**, by entry of this **ORDER**, the Court hereby **APPROVES** the settlement as contemplated in the Petition, and **ORDERS** the following:

1) Out of the settlement proceeds, William T. Nestor, PLLC shall be payed a fee of $37,000.00 in attorneys' fees and $815.00 in expenses, for a total payment of $37,815.00 to William T. Nestor, PLLC, and DiPiero, Simmons, McGinley, & Bastress, PLLC shall be payed a fee of $37,000.00 in attorneys' fees and $7639.67 in expenses, for a total payment of $44,639.67 to DiPiero, Simmons, McGinley, & Bastress, PLLC.

2) After deducting attorneys' fees, expenses, and the payment of any subrogation, the net recovery to the Estate of Randy Scott Shull to be divided equally among the five (5) claiming beneficiaries is $102,545.33 - with each beneficiary receiving $20,509.00.

3) Upon entry of this Order, Plaintiff/ Petitioner, Mandy Delli-Veneri, as Personal Representative of the Estate of Randy S. Shull, shall execute a release and settlement agreement which will release any and all further claims of the Estate of Randy Scott Shull, including those claims of any beneficiary, or potential distributees thereto, have or may have against the

Respondents, or any of their insurers, as a result of the wrongful death of Randy Scott Shull.

Upon entry of this Order the Clerk of the Court is directed to provide all parties with a copy.

**ENTERED** this 1st day of July, 2021.

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

**Prepared and Presented by:**

/s/ John P. Fuller
John P. Fuller (WV Bar #9116)
Samuel M. Bloom (WV Bar #13739)
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
*Counsel for Britt Adkins*

**Approved and Agreed to by:**

/s/ Lonnie C. Simmons
Lonnie C. Simmons
Dipiero, Simmons, McGinley & Bastress, PLLC
P.O. Box 1631
Charleston, WV 25326
*Counsel for Mandy Delli-Veneri*

/s/ *William T. Nestor*
William T. Nestor
The Nestor Law Office
1062 Harrison Avenue
Elkins, WV 26241
*Counsel for Mandy Delli-Veneri*

/s/ *Julie Meeks Greco*
Julie Meeks Greco
Nathan R. Hamons
Pullin Fowler & Flanagan, PLLC 901
Quarrier Street
Charleston, WV 25301
*Counsel for Michael Flanagan*